**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL ZINTER, | No. 14-35287 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-02272-MO |
| v. | |
| PORTLAND STATE UNIVERSITY, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief District Judge, Presiding

Submitted July 7, 2016**
Portland, Oregon

Before: BEA, and OWENS, Circuit Judges, and BURNS,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

Paul Zinter ("Zinter") appeals from the district court's order granting summary judgment in favor of Portland State University ("PSU"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** The district court did not err in granting summary judgment in favor of PSU on Zinter's failure to accommodate claim. To establish a prima facie case of disability discrimination under the ADA, a plaintiff must prove that: (1) he is disabled, (2) he is qualified, and (3) he suffered an adverse employment action because of his disability. *See Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001). Assuming *arguendo* that Zinter has shown a triable issue of fact on the first two prongs, Zinter has not shown that there is a triable issue of fact that he suffered an adverse employment action because of his disability. Zinter does not dispute that he overstated his hours on his time sheet in July. And Zinter's own deposition testimony proves that even if Zinter could not remember what hours he worked due to his multiple sclerosis ("MS"), he did know that he was unsure of what hours he worked in July, yet he still certified the time sheet as accurate. This dishonesty is why Zinter was fired.

**2.** To the extent that it is a separate claim, the district court did not err in granting summary judgment in favor of PSU on Zinter's claim that PSU failed to engage in an interactive process with Zinter to determine if there was a reasonable

2

accommodation for him. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002). The record undisputedly shows that PSU was actively engaged with Zinter from the beginning to determine whether his misconduct was related to his disability, and whether there was any reasonable accommodation that could have been made. This is not a case where PSU simply terminated Zinter upon discovering his misconduct without any dialogue at all.

**3.** The district court did not err in granting summary judgment in favor of PSU on Zinter's state law invasion of privacy claim. *See Mauri v. Smith*, 324 Or. 476, 483-84 (1996). The undisputed facts show that Zinter provided his medical information in the form of correspondence from his healthcare providers to PSU at his pre-dismissal hearing. Zinter's own deposition testimony shows that Zinter wanted and expected PSU to contact his healthcare providers to discuss Zinter's medical issues. Thus, there was no actionable intrusion into Zinter's private affairs that a reasonable person would find highly offensive. *See id.* at 484.

**AFFIRMED.**